IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

DAVIDSON COUNTY, NORTH CAROLINA

2025 OCT -6 P 1:59

DAVIDSON CO.

CASE NO.:

BY _ CM

JOY HERRERA,

 Plaintiff(s),

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

 Defendant.

_____ /

## COMPLAINT

COME NOW, Plaintiff JOY HERRERA (hereinafter "Plaintiff"), by and through the undersigned counsel, and sue Defendant STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "Defendant"), and allege the following:

### GENERAL ALLEGATIONS, JURISDICTION, AND VENUE

1. This is an action wherein Plaintiff seeks damages exceeding $25,000.00, exclusive of costs, attorneys' fees, and interest, and is thus subject to the jurisdiction of the Superior Court Division.

2. At all times relevant hereto, Plaintiff was the owners of the property located at 924 Lake Dr W, Thomasville, NC 27360 (hereafter "Property").

3. Defendant is a foreign corporation licensed by the State of North Carolina to transact business concerning the sale and provision of homeowners' insurance. Defendant conducts business,

has offices in, and/or maintains agents for the transaction of its customary business in Davidson County, North Carolina.

4. At all times material hereto, in consideration of premiums paid by Plaintiff, Defendant issued Plaintiff a valid, binding, and enforceable policy of insurance bearing policy number 33QQ98886 (hereafter "Policy"), that insured the Property. A true and correct copy of the Policy is incorporated herein by reference.

5. The Policy was issued by Defendant to Plaintiff in Davidson County, North Carolina, and covers real and personal property located in Davidson County, North Carolina. As such, venue is proper in Davidson County pursuant to N.C. Gen. Stat. § 1-82.

6. Plaintiff provided Defendant with all documents and information needed for Defendant to tender insurance benefits.

7. Plaintiff provided Defendant access to the Property.

8. All conditions precedent under the Policy for Plaintiff to recover benefits have been performed, satisfied, or otherwise waived, and Defendant has suffered no prejudice.

## COUNT I
## Breach of Contract (Claim Number: 33-84R5-69S)

9. Plaintiff reincorporates Paragraphs one (1) through eight (8) as if fully set forth herein.

10. In consideration of premiums paid by Plaintiff, Defendant issued Plaintiff a valid, binding, and enforceable Policy of insurance bearing policy number 33QQ98886, that insured the Property on the date of loss, May 7, 2025.

11. Under the terms of the Policy, Defendant insured Plaintiff against certain losses to her Property located at 924 Lake Dr W, Thomasville, NC 27360, including, but not limited to, coverage to protect against sudden and accidental discharge or overflow of water from within a plumbing system and ensuing damages.

12. While the Policy was in full force and effect, the Property suffered damage by a sudden and accidental overflow from a soft clog in the private drain line, causing contamination and ensuing damages.

13. Plaintiff timely submitted the insurance claim to Defendant, and Defendant subsequently assigned Claim Number 33-84R5-69S to the loss.

14. Notwithstanding the foregoing, Defendant has failed and/or refused to provide adequate coverage under the Policy for the damages to the Property, and Defendant has failed to pay Plaintiff the amounts due.

15. Defendant failed and refused to adequately adjust Plaintiff's claimed damages for the present claim.

16. In response to Plaintiff's submission of her insurance claim, Defendant sent and assigned multiple insurance adjusters and representatives to act as its agents in inspecting, evaluating, and estimating the damages.

17. The overflow and ensuing damages substantially damaged the Property, which has adversely affected Plaintiff, causing substantial hardship, including the home being unlivable for approximately 1.5 months.

18. Defendant has failed and/or refused to tender all necessary insurance benefits due and owing Plaintiff with regard to the claim arising out of the May 7, 2025, occurrence. This was a breach of the Policy.

19. Plaintiff has suffered and continues to suffer a substantial loss regarding the Property.

20. Defendant has failed or refused to pay all of Plaintiff's damages—as such, Plaintiff has been damaged in the form of unpaid insurance proceeds, interest, costs, and attorneys' fees.

21. Plaintiff is entitled to pre-judgment interest from the date of the loss as prescribed by North Carolina law.

22. By virtue of Defendant's conduct, Plaintiff has been required to retain the services of the undersigned counsel to represent them in this action and have obligated themselves to pay a reasonable fee for such services and are therefore entitled to recover such fees from Defendant pursuant to N.C. Gen. Stat. § 75-16.1

## COUNT II
## Unfair and Deceptive Trade Practices (N.C. Gen. Stat. 75-1.1)

23. Plaintiff reincorporates Paragraphs one (1) through twenty-two (22) as if fully set forth herein.

24. Defendant denied the claim via its denial letter dated May 20, 2025, mischaracterizing the loss as a "back up due to a clog in the sewer line" under the policy exclusion, despite independent reports confirming a sudden soft clog causing accidental overflow from within the private plumbing system. Defendant's refusal to pay, despite Plaintiff's public adjuster estimate (replacement cost value for dwelling and contents, plus mitigation and additional living expenses), and independent plumbing reports, was in bad faith and constituted unfair and deceptive trade practices.

25. Defendant's conduct was not based on an honest disagreement or innocent mistake but involved aggravating and outrageous actions, including violations of N.C. Gen. Stat. § 58-63-15(11), which are per se unfair and deceptive acts or practices under N.C. Gen. Stat. § 75-1.1. Such violations include: (a) misrepresenting pertinent facts or policy provisions (e.g., classifying the loss as an excluded backup while ignoring evidence of covered accidental discharge); (b) failing to acknowledge and act reasonably promptly upon communications (e.g., providing only a two-sentence response on September 30, 2025, to Plaintiff's detailed demand letter of September 17, 2025, without addressing substantive arguments or evidence); (c) failing to

adopt and implement reasonable standards for prompt investigation (e.g., disregarding the plumber's report confirming a soft clog cleared via house cleanout and the septic system context); (d) refusing to pay claims without conducting a reasonable investigation (e.g., discrepancies between Defendant's denial and Plaintiff's submitted estimates and reports, and failure to reconcile with evidence of sudden internal overflow); (e) failing to provide a reasonable explanation for denial or compromise (e.g., no detailed policy citations or engagement with provided evidence despite repeated demands); and (f) engaging in other unfair practices by reiterating the denial without substantive review.

26. Defendant's pattern of non-responsiveness, including failure to engage meaningfully with evidence distinguishing the covered peril from the exclusion, robotic reaffirmation of the denial, and refusal to reconsider once liability became reasonably clear through independent reports, further demonstrates bad faith and aggravating conduct in or affecting commerce.

27. Defendant failed to address or compensate for confirmed water damage, contamination, and ensuing losses, which are covered under the Policy, proximately causing injury to Plaintiff, including unpaid insurance benefits, additional costs, and hardship.

28. As a result of Defendant's unfair and deceptive trade practices, Plaintiff is entitled to compensatory damages exceeding $25,000.00, treble damages under N.C. Gen. Stat. § 75-16, attorneys' fees and costs under N.C. Gen. Stat. § 75-16.1, and such other relief as the Court deems appropriate.

WHEREFORE, Plaintiff Joy Herrera demands judgment against Defendant State Farm Fire and Casualty Company for all insurance benefits due and owing, with any interest on overdue payments, costs pursuant to N.C. Gen. Stat. § 7A-305, attorneys' fees pursuant to N.C. Gen. Stat.

§ 75-16.1, treble damages pursuant to N.C. Gen. Stat. § 75-16, punitive damages, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for those issues that are so triable against Defendant pursuant to North Carolina law.

/s/ Nicholas Ciani
Nicholas Ciani, Esq.
Bar No.: 63512
Attorney for Plaintiff
Ciani Law, PLLC
1529 NE 17th Terr.
Fort Lauderdale, FL 33304
Email: manager@ciani.law
Tel: (954) 654-4445